IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| JASON CLARK,<br><br>     Plaintiff,<br><br>v.<br><br>CAROLYN W. COLVIN,<br>*Acting Commissioner,*<br>*Social Security Administration*,<br><br>     Defendant. | REPORT AND RECOMMENDATION<br><br>Case No. 2:14-cv-00030-DN-DBP<br><br>District Judge David Nuffer<br><br>Magistrate Judge Dustin B. Pead |

## I.  INTRODUCTION

This matter was referred to the Court under 28 U.S.C. § 636(b)(1)(B).  (Docket No. 13.) Currently pending before the Court is Plaintiff's appeal of the Commissioner of Social Security's decision denying his claim for Disability Insurance Benefits ("DIB") under Title II of the Social Security Act ("Act"), 42 U.S.C. §§ 401–33.  Having considered the parties' briefs, the administrative record, and the relevant law, this Court **RECOMMENDS** that the district court **REMAND** this case to the Commissioner.

## II.  PROCEDURAL HISTORY

On May 21, 2012, Plaintiff filed a Title II DIB application alleging an onset date of October 1, 2010. (Tr. 10.)  On October 4, 2012, Plaintiff's application was initially denied. On February 1, 2013, it was denied upon reconsideration.  (*Id.*)  Thereafter, Plaintiff requested and received an administrative hearing before an administrative law judge ("ALJ") on July 8, 2013.  (*Id.*)

On September 6, 2013, the ALJ issued a decision finding Plaintiff was not disabled within the meaning of the Act.  (Tr. 10.)  On November 19, 2013, the Appeals Counsel denied Plaintiff's request for review.  (*Id.* at 1, 5.)  Therefore, the ALJ's decision became the

Commissioner's final decision for purposes of judicial review. *See* 20 C.F.R. § 404.981.[1] This Court has jurisdiction under 42 U.S.C. § 405(g).

### III. STATEMENT OF RELEVANT LAW

#### A. Definition of Disability Under the Act

The Act states that an individual is disabled "only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy . . . ." 42 U.S.C. § 423(d)(2)(A). The disabling impairment must last, or be expected to last, for at least twelve consecutive months. *Barnhart v. Walton*, 535 U.S. 212, 214–15 (2002).

#### B. Process for Determining Disability Under the Act

To determine whether a claimant is disabled, Social Security regulations set forth a five-step sequential evaluation process. The adjudicator considers whether a disability claimant: (1) engaged in substantial gainful activity during the alleged disability period, (2) had a severe impairment, (3) had a condition that met or medically equaled the severity of a listed impairment, (4) could return to his past relevant work, and if not (5) could perform other work in the national economy. 20 C.F.R. § 404.1520(a)(4). If a decision regarding the claimant's disability can be reached at any step in the sequential evaluation process, further evaluation is unnecessary. *Id.*

#### C. Standard of Review

A district court reviews the Commissioner's decision to determine whether substantial evidence in the record as a whole supports the factual findings, and whether the correct legal standards were applied. *See Lax v. Astrue*, 489 F.3d 1080, 1084 (10th Cir. 2007). "Substantial

---

[1] All C.F.R. citations are to the 2014 edition.

evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id*. (internal quotation and citation omitted). The Court may neither reweigh the evidence nor substitute its judgment for that of the ALJ. *Id*. Where the evidence as a whole can support the agency's decision or an award of benefits, the court must affirm the agency's decision. *Ellison v. Sullivan*, 929 F.2d 534, 536 (10th Cir. 1990).

## IV. THE ALJ'S DECISION

At step one, the ALJ determined Plaintiff performed no substantial gainful activity ("SGA") after October 1, 2010. (Tr. 12.) At step two, the ALJ determined Plaintiff had the following severe impairments: (1) anxiety-related disorders with posttraumatic stress disorder (PTSD), and (2) affective mood disorders including a depressive disorder. (*Id*.) However, at step three, the ALJ determined Plaintiff did "not have an impairment or combination of impairments that me[t] or medically equal[ed] the severity of one of the listed impairments . . . ." (*Id*. at 13.) Between steps three and four, the ALJ determined that Plaintiff retained the residual functional capacity ("RFC") "to perform the full range of unskilled work at any exertional level" subject to several limitations that specifically tailored the category to Plaintiff's situation. (*Id.* 14.)

At step four, the ALJ concluded that Plaintiff could not perform past relevant work as a pesticide applicator. (*Id.* 28.) At step five, the ALJ relied on vocational expert ("VE") testimony as well as the Medical-Vocational Guidelines (grids). *See generally,* 20 C.F.R., Pt. 404, Subpt. P, App. 2. Relying thereupon, the ALJ concluded that Plaintiff could perform a significant number of other jobs in the national economy such as a cleaner or industrial cleaner. (Tr. 17.)

## V. DISCUSSION

Plaintiff raises three alleged errors on appeal: (1) that the ALJ improperly rejected opinions of a treating medical provider, (2) that the ALJ improperly rejected Plaintiff's subjective

complaints, and (3) that the Commissioner failed to carry her burden to identify specific jobs available in significant numbers, taking into account Plaintiff's specific functional limitations. The Court considers Plaintiff's arguments and concludes that the ALJ erred by not properly evaluating Plaintiff's credibility. Each of Plaintiff's arguments is analyzed in turn.

### A. The ALJ did not err by affording Dr. Brewczynski's opinion lesser weight.

Plaintiff first contends that the ALJ erred by affording Dr. Brewczynski's opinion lesser weight without providing sufficient justification for doing so. (Dkt. 12 at 11.) An ALJ may decline to afford a treating physician's opinion controlling weight where the ALJ provides specific, legitimate reasons for his decision. *Raymond v. Astrue*, 621 F.3d 1269, 1272 (10th Cir. 2009). Such a decision is justified, for example, if the ALJ finds that the opinion is "inconsistent with other substantial evidence in the record . . . ." *Id.* Here, Defendant is correct that the ALJ provided sufficient reasoning for his decision to afford Dr. Brewczynski's opinion lesser weight.

The ALJ found that Dr. Brewczynski's opinion was entitled to less weight because it was inconsistent with other evidence in the record. The ALJ explicitly referenced evidence contradictory to Dr. Brewcyzynski's report. (R. at 15–16.) Plaintiff takes issue with the ALJ's use of the phrase, "For the same reason" and argues that this "same reason" cannot be deciphered from the ALJ's opinion. (Dkt.12 at 12.) Yet, this phrase is not as opaque as Plaintiff claims. Plaintiff acknowledges that this phrase refers to the preceding paragraph, in which the ALJ states he accepts certain other opinions "based on [previously-mentioned] evidence." (*Id.*) The next preceding paragraphs discuss the previously-mentioned evidence, including an explicit citation to a report from Dr. Michael A. Schreiner. (R. at 16.) Dr. Schreiner's report indicates Plaintiff was able to answer questions cogently, could follow simple instructions without difficulty, and had no significant problems with attention, concentration, or memory functioning. (R. at 1096–97.) The ALJ concluded that this information was sufficiently contradictory to Dr.

Brewczynski's opinion that the doctor's opinion was entitled to lesser weight. This ends the inquiry. The ALJ had substantial evidence for his finding in the form of Dr. Schreiner's report. This Court cannot substitute its judgment for that of the ALJ, even if this Court would reach a different result based on the remaining evidence. *Lax v. Astrue*, 489 F.3d 1080, 1084 (10th Cir. 2007). Thus, the ALJ did not err in affording Dr. Brewczynski's opinion lesser weight.

### B. The ALJ erred in his credibility determination of Plaintiff because the ALJ did not sufficiently connect his credibility determination to substantial evidence.

Next, Plaintiff argues that the ALJ erred by rejecting his subjective complaints without a valid reason. (Dkt. 13 at 12.) Plaintiff goes on to list a number of record citations that he believes support his subjective complaints. (*Id.* at 13.) Defendant argues that the ALJ set forth sufficient evidence to support his credibility determination. (Dkt. 16 at 14.) Defendant further argues that Plaintiff's list of evidence does not avail him because the relevant question is whether substantial evidence supports the ALJ's findings, not whether this Court come to a contrary decision based on other record evidence. (*Id.* at 14–15.)

#### 1. Reweighing Evidence

First, the Court agrees with Defendant that Plaintiff improperly sets forth evidence that he believes supports his subjective complaints. The Court is not permitted to reweigh the evidence below. *See Lax*, 489 F.3d at 1084. The relevant inquiry here is whether the ALJ had substantial evidence for his decision. Accordingly, the Court will not weigh Plaintiff's cited evidence against other evidence in the record.

#### 2. Specific reasons and evidentiary support for credibility finding

Notwithstanding the above, there remains a serious question regarding the adequacy of the ALJ's finding regarding Plaintiff's credibility. Social Security Ruling 96-7p requires the AJL to include in his decision "specific reasons for the finding on credibility, supported by the evidence

in the case record," and must make clear the reasons for the weight afforded. SSR 96-7p. The ALJ's credibility findings must be closely and affirmatively linked to substantial evidence, and boilerplate conclusions that a claimant lacks credibility will not suffice. *Hardman v. Barnhart*, 362 F.3d 676, 678-79 (10th Cir. 2004).

Plaintiff is correct that the ALJ's decision does not provide sufficient detail to allow for a meaningful review. Here, the ALJ concluded:

> The alleged symptoms and limitations are not reasonably consistent with the evidence, therefore the claimant's allegations are not fully credible. The undersigned is findings [sic] that the claimant's severe and extreme allegations are somewhat out-of-proportion, and not reasonably consistent with, the medical record and all other evidence–and therefore not fully persuasive. The undersigned is not finding an intentional lack of full credibility, but finding that the claimant can perform at higher levels than the claimant states or perceives as possible.

(R. at 15.)

The ALJ did not; however, indicate what statements he found not credible. Nor did the ALJ discuss or cite evidence that supported his finding a lack of credibility. He does not provide any examples of evidence that contradict Plaintiff's complaints, or otherwise identify his reason for finding Plaintiff's subjective complaints to be less than credible. The ALJ's language is similar to that in *Hardman v. Barnhart*, in which the Tenth Circuit condemned use of vague and conclusory language in a 96-7p analysis.[2]

---

[2] The ALJ's decision in *Hardman* stated:

> claimant's allegations are not fully credible because, but not limited to, the objective findings, or the lack thereof, by treating and examining physicians, the lack of medication for severe pain, the frequency of treatments by physicians and the lack of discomfort shown by the claimant at the hearing.

362 F.3d 676, 679 (10th Cir. 2004).

Tellingly, Defendant's brief cites only generally to portions of the ALJ's opinion discussing medical evidence. (Dkt. 16, at 14.) Defendant does not identify any portion of the ALJ's opinion that identifies Plaintiff's deficient testimony or the evidence that the ALJ believed contradicted Plaintiff's testimony. The general discussion of the evidence does not provide a sufficient link between the credibility finding and the evidence. As was the case in *Hardman*, the Court is "unable to determine in this case the specific evidence that led the ALJ to reject claimant's testimony." *Hardman v. Barnhart*, 362 F.3d 676, 679 (10th Cir. 2004). Accordingly, the ALJ erred by not providing specific reasons, supported by the record, for finding Plaintiff's subjective complaints not credible.

### C.  The ALJ'S step-five analysis is supported by substantial evidence.

Finally, Plaintiff argues that the ALJ erred at step five because the ALJ presented an incomplete hypothetical question to the vocational expert. (Dkt. 12 at 16.) Plaintiff then cites to evidence in the record that he believes support additional impairments not relayed to the vocational expert. (*Id.*) Plaintiff also argues that limitations addressed by Dr. Brewczynski were not included in the hypothetical.

Plaintiff's final argument again invites the Court to impermissibly reweigh the evidence below. The Court is not permitted to do so. *Lax v. Astrue*, 489 F.3d 1080, 1084 (10th Cir. 2007). Likewise, the Court has already addressed Plaintiff's argument regarding Dr. Brewczynski's testimony and concluded the ALJ was justified in affording lesser weight to the vocational expert. The ALJ was not required to present limitations the ALJ found to be not credible. *See Qualls v. Apfel*, 206 F.3d 1368, 1372–73 (10th Cir. 2000). To the extent the ALJ's findings regarding Plaintiff's credibility change on remand, it is possible the ALJ will need to include additional information in a vocational hypothetical. Nonetheless, Plaintiff has identified no independent error in the ALJ's analysis at step five.

## VI.     RECOMMENDATIONS

Having determined that the ALJ erred in its analysis of Plaintiff's credibility, this Court **RECOMMENDS** that the District Court **REMAND** this case to the Commissioner. On remand, the Commissioner should re-evaluate Plaintiff's credibility in full compliance with Social Security Ruling 96-7p.

Copies of the foregoing Report and Recommendation are being sent to all parties who are hereby notified of their right to object.  Within **fourteen (14) days** of being served with a copy, any party may serve and file written objections.  *See* Fed. R. Civ. P. 72(b)(2).  Failure to object may constitute a waiver of objections upon subsequent review.

Dated this 29th day of January, 2015.

_____
Dustin B. Pead
United States Magistrate Judge