IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| JASON CLARK,<br><br>                Plaintiff,<br>v.<br><br>CAROLYN W. COLVIN, Acting Commissioner of the Social Security Administration,<br><br>                Defendant. | **MEMORANDUM DECISION AND ORDER DENYING PLAINTIFF'S APPLICATION FOR ATTORNEY FEES**<br><br>Case No. 2:14-cv-00030-DN-DBP<br><br>District Judge David Nuffer<br>Magistrate Judge Dustin B. Pead |

Currently before the court is Plaintiff's Application for Attorney Fees Under the Equal Access to Justice Act (the "Application").[1] For the reasons stated below, the Application is DENIED.

## BACKGROUND

On January 29, 2015, Judge Pead issued a Report and Recommendation (the "R&R") concluding that the ALJ had erred by not properly evaluating Plaintiff's credibility.[2] Judge Pead recommended remanding to the Commissioner to "re-evaluate Plaintiff's credibility in full compliance with Social Security Ruling 96-7p."[3] No objection was filed to the R&R, and an order was entered approving the R&R on February 20, 2015.

After the case was closed, Plaintiff filed the Application currently under review, requesting approximately $5,500 in attorney fees.[4] Plaintiff argued that because the

---

[1] Plaintiff's Application for Attorney Fees Under the Equal Access to Justice Act ("Application"), docket no. 22, filed April 3, 2015.

[2] Report and Recommendation ("R&R") at 4, docket no. 18, filed January 29, 2015.

[3] *Id.* at 8.

[4] Application at 1.

Commissioner's position was not "substantially justified," Plaintiff was entitled to fees under the Equal Access to Justice Act (the "EAJA").[5] The Commissioner filed a response in which it argued that its position was "substantially justified" because, even though it was not a position ultimately adopted by the court, it had a reasonable basis in law and fact.[6]

## DISCUSSION

The EAJA allows a court to award a prevailing party fees and other expenses "unless the court finds that the position of the United States was substantially justified . . . ."[7] The United States Supreme Court has interpreted "substantially justified" to mean "justified to a degree that could satisfy a reasonable person."[8] It does not require anything more than reasonableness.[9]

Here, the position of the Commissioner was substantially justified and reasonable. The Commissioner argued that the ALJ's decision should be upheld. The only part of the ALJ's decision that was not upheld was the finding on plaintiff's credibility. Specifically, the case was remanded because the ALJ "*did not sufficiently connect* his credibility determination to substantial evidence."[10] Significantly, it was *not* found that substantial evidence *did not exist*; rather, the case was simply remanded to the Commissioner to "re-evaluate Plaintiff's credibility in full compliance with Social Security Ruling 96-7p" in order to *connect* the decision to the evidence in the record.[11]

---

[5] Application at 2.

[6] Defendant's Opposition to Plaintiff's Application for Attorney Fees Under the Equal Access to Justice Act at 5, docket no. 23, filed April 10, 2015.

[7] 28 U.S.C. § 2412(d).

[8] *Pierce v. Underwood*, 487 U.S. 552, 565 (1988).

[9] *Id.*

[10] R&R at 5 (emphasis added).

[11] *Id.* at 8.

Plaintiff fails to cite any case granting fees under the EAJA in a similar situation. Instead, Plaintiff focuses on the fact that "[t]his federal court found the ALJ's opinion to be 'light' in explanation . . . ."[12] and contends that language from Tenth Circuit cases clearly supports the remand because an ALJ "should explain the weight given to opinions . . . ."[13] Plaintiff is correct that the ALJ's analysis in this particular case was not thorough with regard to credibility, and an ALJ should explain his decision and tie it to substantial evidence. For that reason, the case was remanded. But there is an important difference between failing to *explain* the evidence supporting a decision and not *having* any evidence to support a decision. Plaintiff has not shown, and the court did not hold, anything more than the fact that the ALJ did not sufficiently state his reasons for the credibility determination. The Commissioner's decision to argue in favor of upholding the ALJ's decision despite this shortcoming does not rise to the level of unreasonableness. Thus, the Commissioner is correct that its position was substantially justified.

## ORDER

IT IS HEREBY ORDERED that Plaintiff's Application for Fees[14] is DENIED.

Dated May 7, 2015.

BY THE COURT:

David Nuffer
United States District Judge

---

[12] Application at 3.

[13] *Id.* at 4 (quoting *Keyes-Zachary v. Astrue*, 695 F.3d 1156 (10th Cir. 2012)).

[14] Plaintiff's Application for Attorney Fees Under the Equal Access to Justice Act ("Application"), docket no. 22, filed April 3, 2015.